**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ana Catalina,

Plaintiff,

v.

Jenna Turner, et al.,

Defendants.

No. CV-26-06403-PHX-JAT

**ORDER**

Pending before the Court is Plaintiff's motion for appointment of counsel. (Doc. 11).

> … [T]here is no constitutional right to the appointment of counsel in a civil case. *Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

*Meyer v. Lyft Express Drive*, No. CV-25-00247-PHX-DWL, 2025 WL 896517, at *1 (D. Ariz. Mar. 24, 2025).

Here, Plaintiff is not proceeding *in forma pauperis*. For that reason alone, she is ineligible for appointment of counsel under 28 U.S.C. § 1915.

Alternatively, appointment of counsel is denied because there are no exceptional

circumstances in this case. First, from the Court's preliminary reading of the complaint, the Court does not find a likelihood of success on the merits. It appears that all of the actions of Defendants about which Plaintiff now complains have already been litigated in state court. Those claims cannot be relitigated in federal court. *See generally Cooper v. Ramos,* 704 F.3d 772, 777–79 (9th Cir. 2012) (discussing that matters litigated in state court, or inextricably intertwined with matters litigated in state court, cannot be relitigated in federal court under the *Rooker-Feldman* doctrine).

Second, both Plaintiff's complaint and her motion for appointment of counsel articulate Plaintiff's claims and requests clearly considering the complexity of the issues involved. Accordingly, the appointment of counsel is not warranted.

Based on the foregoing,

**IT IS ORDERED** that the motion for appointment of counsel (Doc. 11) is denied, and the motion to amend the proposed form of order (Doc. 12) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendants within the time limits of Federal Rule of Civil Procedure 4(m).

Dated this 16th day of October, 2026.

James A. Teilborg
Senior United States District Judge