WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ana Catalina,

Plaintiff,

v.

Jenna Turner; Matthew J Callanta,

Defendants.

No. CV-26-06403-PHX-JAT

**ORDER**

**In Forma Pauperis Status**

This case was filed on September 9, 2026. Plaintiff paid the filing fee. Because the filing fee was paid, the Court did not screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff brings this 42 U.S.C. § 1983 action against two employees of the Arizona Department of Child Safety. (Doc. 1). More specifically, Plaintiff alleges that the two employees fabricated evidence against Plaintiff which caused Plaintiff's arrest and prosecution. (Doc. 1 at 12).

On November 9, 2026, Plaintiff moved to proceed in forma pauperis, seeking free service of process. (Doc. 14). This Court ordered Plaintiff to supplement her request to proceed in forma pauperis and explain how she previously afforded the filing fee, but now cannot afford service of process. (Doc. 15 (citing *Montalvo v. Diaz*, No. 319CV00363CABJLB, 2019 WL 4242501, at *2 (S.D. Cal. Sept. 6, 2019)). The Court has reviewed the supplement and finds Plaintiff is entitled to in forma pauperis status. *See Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015).

**Screening**

As the Court informed Plaintiff in the Order regarding supplementation, once in forma pauperis status is granted, the Court will proceed to screen the complaint. (Doc. 15 (citing *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).

As recounted above, Plaintiff sues two state of Arizona employees for allegedly fabricating evidence that led to Plaintiff's arrest and prosecution. (Doc. 1). The Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis omitted) (footnote omitted).

As stated by the Supreme Court, typically Plaintiff cannot bring a § 1983 action arising from her prosecution. *Id.* And, Plaintiff did not plead that any of the foregoing exceptions to the *Heck* bar are present in this case. Therefore, the complaint will be dismissed.

**Leave to Amend**

The Ninth Circuit Court of Appeals has instructed that leave to file a first amended complaint should be granted unless the deficiencies in the complaint cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc); *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (stating the court will give a plaintiff the opportunity to cure the complaint's deficiencies by amendment unless it is clear the plaintiff could not do so). Here, the Court will give Plaintiff an opportunity to amend as specified below.

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint

as nonexistent. *Ferdik*, 963 F.2d at 1262.

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the application to proceed in forma pauperis (the still pending portion of Doc. 14) is granted.

**IT IS FURTHER ORDERED** that the complaint is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date of this Order to file a first amended complaint. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of the Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

Dated this 13th day of November, 2026.

James A. Teilborg
Senior United States District Judge